IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**MICHAEL ALEXANDER RIVERA,**

      **Plaintiff,**

v.                                                                 **Case No. 2:16-cv-09546**

**INFERIOR COURT OF CALIFORNIA,**
**County of Los Angeles, Alhambra Courthouse, et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 12, 2016, the Clerk's Office received documentation from the plaintiff, who appears to be a prisoner incarcerated in a California state prison in Calipatria, California. The documentation was treated as a Letter-Form Complaint with attachments (ECF No. 1) and the above-referenced civil action was opened to address the same. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A

"frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> 
> * * *
> 
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

A district court must also dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Because the plaintiff's Complaint asserts a claim for relief over which this court lacks subject matter jurisdiction and otherwise is frivolous and fails to state a claim upon which relief may be granted under the standards set forth herein, the defendants have not been served with process and should not be required to appear or defend this matter.

## **THE PLAINTIFF'S ALLEGATIONS**

The plaintiff's documents are difficult to discern. The plaintiff, who refers to himself as "Special Master Michael A. Rivera" and "Political Prisoner Michael A. Rivera,"[1] appears to be requesting assistance from the Clerk of Court of this United States District Court for the Southern District of West Virginia to obtain a default judgment in the amount of $33 million in a legal proceeding he allegedly attempted to file in the United States District Court for the Northern District of Florida related to his California conviction and an order for his release from custody. (ECF No. 1 at 2). Based upon a

---

[1] The plaintiff's documentation also contains the name of another individual referred to as "Dean H. Aviles, Special Master" (and using the e-mail address Justice_Dean_Powers@DSDUSA.Org) and an organization referred to as "DSDUSA Organization" with a Washington, DC address. A PACER search reveals that a "Dean H. Aviles" may also be a prisoner of the State of California, based upon similar filings that "Dean Himbler Aviles" has made in the United States District Court for the Central District of California. Additionally, "DSDUSA Holdings Corporation" appears to be a District of Columbia corporation whose registered agent is listed as "Dean Aviles." Nothing in the documentation provided by the plaintiff indicates what, if any, relationship Aviles or DSDUSA have to the plaintiff, Mr. Rivera, or his requests for relief.

3

review of all of the documents received from the plaintiff, it appears that the plaintiff attempted to file a civil lawsuit in the United States District Court for the Northern District of <u>Florida</u> against an entity he refers to as the "Inferior Court of California County of Los Angeles Alhambra Courthouse" and numerous individuals who are believed to be officials of that court or are somehow otherwise connected to the plaintiff's criminal prosecution in California. (*See* ECF No. 1, Attach. 1, "Schedule A," which appears to be a Summons and other court documents prepared by the plaintiff). The documents accompanying the summons contained in Schedule A include a "Motion for Release of Minor's Claim by Parent or Guardian," a proposed "Order to Provide Documents" and a "Motion for Subpoena Duces Tecum." (*Id.*) The plaintiff also refers to a "Maritime Attachment and Garnishment" that does not appear to have been included in Schedule A. (*Id.*)[2]

The plaintiff's initial documentation also includes a copy of instructions from the United States District Court for the Northern District of Florida for filing a prisoner civil rights complaint under 42 U.S.C. § 1983 and what appears to be a docket sheet (or what the plaintiff appears to refer to as "minutes") from his criminal proceedings in the Superior Court of California (ECF No. 1, Attach. 2)[3], as well as a letter to the plaintiff from the Clerk of the United States District Court for the <u>Central</u> District of Florida acknowledging receipt of correspondence from the plaintiff by the Chief Judge of that District Court dated July 25, 2016, but stating that such correspondence does not relate to any cases filed in that District Court. (ECF No. 1, Attach. 3).

---

[2] A review of the federal courts' PACER electronic records system indicates that no cases have been filed by the plaintiff in the United States District Court for the Northern District of Florida. The plaintiff suggests that he "served" the documents contained in Schedule A on the "Inferior Court Vessel of California" on February 26, 2016. However, it appears that no such legal proceeding was actually instituted in the Northern District of Florida and no valid summonses were ever issued.

[3] According to the "minutes" provided by the plaintiff, on July 23, 2014, the plaintiff was convicted by a jury in the Superior Court of California, Los Angeles County, on one count of second degree robbery.

On October 28, 2016, October 31, 2016, November 14, 2016, November 21, 2016 and December 12, 2016, the Clerk's Office received and docketed additional documentation from the plaintiff, which includes a "Declaration" (ECF No. 3), a "Notice of Change of Address" (ECF No. 4), "Additional Documentation" amending his initial Schedule A (ECF No. 6), a "Request for Immediate Extradiction [sic]," with attachments (ECF No. 7), a "Request for an Instant Order to Provide Documents and Goods" (ECF No. 8) and a "Proof of Service" (ECF No. 9).

## ANALYSIS

Although the petitioner has not specifically identified himself as a "sovereign citizen," his filings made in this court bear the hallmarks of "sovereign citizen" filings and appear to be patently frivolous.[4]  Moreover, regardless of the nature or intent of the plaintiff's filings, it is clear that this United States District Court lacks jurisdiction to consider any claims for relief sought by the plaintiff.

The plaintiff is a California state prisoner.  Thus, he was neither convicted in a county located within the Southern District of West Virginia, nor is he incarcerated in a correctional facility located within this district.  Therefore, this court lacks any authority to grant habeas corpus relief to the plaintiff.  Furthermore, there are no proposed defendants who reside within this district and no allegations indicating that any cause of action arose within this district.

---

[4] "Sovereign citizen" claims are from individuals who, even though they physically reside in the United States, do not recognize the authority of the federal or state government and, thus, assert that they are not subject to the laws or jurisdiction of those governmental entities.  "Sovereign citizens" frequently use such arguments to attempt to evade criminal responsibility, overturn valid convictions and seek release from custody.  Because the petitioner's claims appear to rest solely on his arguments grounded in the "sovereign citizen" movement, such claims should be denied as being frivolous.  *See, e.g., United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in American law"); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (theories of individual sovereignty, immunity from prosecution and the like have been repeatedly rejected).

To the extent that the plaintiff seeks to challenge his criminal conviction in the State of California, he must pursue such relief in a habeas corpus or other post-conviction proceeding under California law before he may seek habeas corpus relief in a <u>California</u> federal court. Furthermore, to the extent that the plaintiff may be seeking to pursue a civil rights action, such as a Complaint under 42 U.S.C. § 1983, related to his conviction or his conditions of confinement in California, such proceedings must also be initiated in the appropriate federal court in <u>California</u> after exhaustion of appropriate state court or administrative remedies.

Although it presently appears that there is no federal case filed by the plaintiff pending in either the United States District Court for the Northern District of Florida or the United States District Court for the Central District of Florida, the undersigned notes that those courts would also lack jurisdiction to consider any claims related to the plaintiff's criminal conviction or incarceration in California. To the extent that the plaintiff has requested that this court or its Clerk assist him in obtaining a default judgment in courts in either California or Florida, this court and its Clerk have no jurisdiction or authority to grant such relief. Likewise, in the context of this civil action, as pled, this court does not have any authority to extradite the plaintiff to West Virginia.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks jurisdiction to consider any potential claim that may arise out of the allegations and assertions made in the documentation received from the plaintiff since October 12, 2016 and, further, that this court otherwise lacks jurisdiction to consider any claims related to the plaintiff's criminal conviction in California or his incarceration therein. For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action for lack

of jurisdiction and **DENY** all motions or requests pending herein, including the plaintiff's "Request for Immediate Extradiction [sic]" (ECF No. 7) and his "Request for an Instant Order to Provide Documents and Goods" (ECF No. 8).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

<u>December 16, 2016</u>

                                          Dwane L. Tinsley
                                          United States Magistrate Judge